UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division


FILED
FEB - 5 2009
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

ROSARIO FIORANI,

    Plaintiff,

v.

ACTION NO. 4:08cv109

1ST ADVANTAGE FEDERAL CREDIT UNION,
MS. ELIZABETH GAVIN,
MELANIE DOE,
(no last name given),
REPO TRANS NET TOWING,
KATHY DOE,
(no last name given), and
JIM DOE,
(last name not given),

    Defendants.

## DISMISSAL ORDER

Plaintiff submitted this action on November 6, 2008. The Court granted Plaintiff's motion to proceed *in forma pauperis*,. and this action was filed on November 14, 2008. On November 19, 2008, Plaintiff amended his Complaint. By Order entered November 26, 2008, the Court attempted to notify Defendants of this action and requested that they waive service of summons. The Court has only been able to notify Defendants 1st Advantage Federal Credit Union and Elizabeth Gavin, hereinafter "Defendants." Defendants have filed a Motion to Dismiss.

Defendants have advised the Court that Plaintiff is under a prefiling injunction issued by United States District Judge Bryan, sitting in the Alexandria Division of the United States District Court for the Eastern District of Virginia. Pursuant to that prefiling injunction:

> Plaintiff is enjoined from filing future actions in federal district court without prior leave of court. In addition, any future requests for leave of court must be accompanied by copies of the pleadings and ruling in such cases arising out of or related to plaintiff's attempt to purchase a 1997 Ford Crown Victoria car with law enforcement features from Crystal Ford.

Fiorani v. Metcalf, CA No. 00-619-A ( E.D.Va., May 12, 2000) (unpublished memorandum opinion). Plaintiff failed to comply with the requirements of the prefiling injunction. Plaintiff claims that the injunction was unconstitutionally placed on him through judicial misconduct. The Court's review of Action Number 00-619-A reveals no judicial misconduct. Plaintiff had notice of the motion for an injunction and an opportunity to respond prior to imposition of the prefiling injunction. Prefiling injunctions are well within the Court's power to protect itself from vexatious litigation. Procup v. Strickland, 792 F.2d 1069 (11th Cir. 1986); Safir v. United States Lines, Inc., 792 F.2d 19 (2d Cir. 1986); see also Graham v. Riddle, 554 F.2d 133 (4th Cir. 1977). Plaintiff claims that no other courts have given effect to the prefiling injunction. This is most likely because Plaintiff does not advise them of its existence.

Plaintiff is clearly a contumacious litigator with little regard for the seriousness of Court proceedings. This is evidenced by Plaintiff's prior filings in the Alexandria Division and his filings in this action. Plaintiff has filed repetitive "Emergency Motion to Compel Defendants to Mitigate Plaintiff's Financial Damages," repetitive motions for mandamus, two (2) motions for summary judgment, and a frivolous motion for sanctions against Defendants. Plaintiff's "emergency" and mandamus motions make outrageous demands that Defendants give Plaintiff the money to buy outright a new car to replace the automobile that they had to repossess.

In addition, Plaintiff's Amended Complaint fails to set forth any facts to support his claims under various federal statutes. Accordingly, Defendants' Motion to Dismiss is **GRANTED**. Further, this action is **DISMISSED** as to all Defendants.

The Clerk is **DIRECTED** to send a copy of this Dismissal Order to Plaintiff and Defendants.

Plaintiff is **ADVISED** that he may appeal from this final order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within thirty (30) days from the date of this order.

IT IS SO **ORDERED**.

/s/
Raymond A. Jackson
United States District Judge

Norfolk, Virginia
February /, 2009